IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEMETRIUS BANKS, | § | |
| | § | No. 189, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID Nos. 2205001345 (N) |
| STATE OF DELAWARE, | § | 2305009558 (N) |
| | § | |
| Appellee. | § | |

Submitted: December 20, 2024
Decided: February 24, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1)     Demetrius Banks appeals the Superior Court's order sentencing him for a violation of probation ("VOP"). After careful review, we affirm the Superior Court's finding that Banks violated the terms of his probation. Because it appears that Banks' VOP sentence exceeds the Level V time remaining on his original sentence, however, we remand to the Superior Court for correction of the sentencing order.

(2)     On February 27, 2023, Banks resolved two sets of pending criminal charges by pleading guilty to one count of second-degree robbery in Criminal Case

Number 2205001345 and one count of second-degree conspiracy and one count of shoplifting in Criminal Case Number 2206000223. The Superior Court immediately sentenced Banks as follows: for second-degree robbery, to five years of incarceration with credit for time served, suspended for one year of Level III probation; for second-degree conspiracy, to two years of incarceration, suspended for one year of Level III probation; and for shoplifting, to two years of incarceration, suspended for one year of Level III probation. Banks did not appeal his convictions or sentence.

(3) On August 10, 2023, the Superior Court found that Banks had violated the terms of his probation in both cases and resentenced him as follows: for second-degree robbery, to four years of incarceration, suspended after 80 days followed by decreasing levels of supervision; for second-degree conspiracy, to two years of incarceration, suspended for one year of Level III probation with GPS-monitoring; and for shoplifting, to two years of incarceration, suspended for one year of Level III probation with GPS-monitoring. On December 6, 2023, the Superior Court again found Banks in violation of the terms of his probation in both cases and resentenced him for second-degree robbery in Criminal Case Number 2205001345 to seven years of incarceration, suspended after thirty days for twelve months of Level III probation. The Superior Court discharged Banks from probation in Criminal Case Number 2206000223.

(4) On August 10, 2023, Banks pleaded guilty to one count of theft (organized retail crime) in Criminal Case Number 2305009558. The Superior Court immediately sentenced Banks to one year of incarceration, suspended for one year of Level III probation with GPS-monitoring.

(5) On March 27, 2024, Banks' probation officer filed an administrative warrant, followed by a supplemental VOP report, alleging that Banks had violated the terms of his probation in Criminal Case Number 2205001345 and Criminal Case Number 2305009558 because he: (i) had tested positive for controlled substances, (ii) failed to comply with special conditions of his probation by failing to follow substance abuse treatment recommendations, and (iii) failed to abide by the curfew set by his probation officer on twenty-nine occasions.

(6) At the April 11, 2024 VOP hearing, Banks, with the assistance of counsel, admitted to violating the terms of his probation "in part" but disputed that he violated the terms of his probation by testing positive for illegal substances.[1] The Superior Court accepted Banks' admission that he had violated the terms of his probation and resentenced him as follows: for second-degree robbery, to six years, eleven months, and twenty-four days of incarceration, suspended after the successful completion of a Level V inpatient treatment program followed by decreasing levels of supervision in Criminal Case Number 2205001345; and for theft, to thirty days

---

[1] App. to Answering Br. at B47.

of incarceration with no probation to follow in Criminal Case Number 2305009558. This appeal followed.

(7)     In his opening brief on appeal, Banks argues that the Superior Court abused its discretion when it revoked his probation because he was violated for consuming "correctly prescribed medically necessary medication."[2] Banks' argument is unavailing.

(8)     Probation is an "act of grace," and the Superior Court has broad discretion when deciding whether to revoke a defendant's probation.[3] The Superior Court need only be reasonably satisfied that "the conduct of the probationer has not been as good as required by the conditions of probation."[4] Once the Superior Court has determined that a probationer has violated the terms of his probation, it may impose any period of incarceration up to and including the balance of Level V time remaining on the original sentence.[5]

(9)     Here, Banks admitted that he violated the terms of his probation "in part" and described for the court the difficulty that he initially had complying with his curfew.[6] Banks' admission was sufficient to justify the Superior Court's

---

[2] Opening Br. at 5.

[3] *Kurzmann v. State*, 903 A.2d 702, 716 (Del. 2006).

[4] *Id.* (citation omitted).

[5] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

[6] App. to Answering Br. at B53 ("When I first came home, my first PO, I wasn't stable. I was looking for a house. So, every time, I just leave an address. But when she got on me, I started coming in on my curfews. I started doing them.").

revocation of his probation. That is, the Superior Court did not need to make any finding regarding Banks' probation officer's claim that Banks had violated the terms of his probation by consuming illegal substances. Turning to Banks' VOP sentence, it appears to the Court that Banks' six-year-eleven-months-and-twenty-four-day VOP sentence exceeds the five-year sentence that the Superior Court originally imposed for second-degree robbery on February 27, 2023 in Criminal Case Number 2205001345. This matter must therefore be remanded to the Superior Court for the issuance of a sentencing order that corrects the amount of Level V time remaining on Banks' sentence.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court is AFFIRMED. The matter is hereby REMANDED to the Superior Court with directions to enter a modified sentencing order in accordance with this Order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

5